IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

THE ESTATE OF JOSE R. COMBAS MARTINEZ

    Plaintiff

              v.

BARROS & CARRION, INC.

    Defendants

**Civil No.** 09-1554

## Opinion & Order

Defendant Barros & Carrion, Inc. ("Defendant" or "B&C") filed a Notice of Removal to this Court from the Puerto Rico Court of First Instance, San Juan Part, on June 16, 2009. Docket # 1. Plaintiff the Estate of Jose R. Combas Martínez ("Plaintiff") then moved to remand, arguing that the Notice of Removal was untimely. Docket # 10. Upon reviewing the filings and the applicable law, Plaintiff's Motion to Remand is **GRANTED**.

**Factual Background**

On November 13, 2000, José R. Combas Martínez ("Combas"), his wife Sonia Arroyo Roble ("Arroyo") and their conjugal partnership, filed suit against Defendant in the Puerto Rico Court of First Instance, after the company terminated Combas' employment.[1] The original complaint alleged causes of action for age discrimination and unlawful termination of employment, including violations of Combas' rights under Law 80 of 1976, P.R. Laws Ann. tit. 26, § 185 *et seq.*, Law 100 of 1959, P.R. Laws Ann. tit. 20, § 146 *et seq*, Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5141, and the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Docket #12, Exhibit # 1. On May 9, 2003, the local court appointed a Special Commissioner, Angel F. Rossy Garcia, to manage the case and issue an initial determination of liability. Id., Exhibit # 5. Subsequently, on November 27,

---

[1] Combas died in 2004 and his estate substituted him as Plaintiff in the case.

**Civil No. 09-1554 (SEC)**

2006, Plaintiff filed an Amended Complaint, retaining causes of action under Puerto Rico's local tort statute, Article 1802 of Puerto Rico's Civil Code and Law 80, but dismissing those causes of action based on Law 100 and ADEA. Id., Exhibit # 4. Additionally, the Amended Complaint asked for "any other appropriate remedy necessary to serve justice and appropriate in law." Id., Exhibit # 4 at 10. During the course of the litigation, Combas' right to compensation under B&C's Employee Incentive Compensation Plan ("Incentive Compensation Plan"), and the sufficiency of the pleadings praying for this relief, became subject to attention by the parties and the Special Commissioner, as will be discussed below.

On May 26, 2009, the Special Commissioner filed a report to the Puerto Rico Court of First Instance, in which he suggested Plaintiff had a right to compensation under the Incentive Compensation Plan, which is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Docket # 12, Exhibit # 6. Defendants allege that said remedy could only be granted pursuant to federal law, specifically, ERISA. As a result, Defendant filed a Notice of Removal on June 18, 2009. Defendant argues that this Court should deem the Notice of Removal timely, because less than thirty days had passed since the Special Commissioner filed his report. However, Plaintiff filed Motion to Remand on July 15, 2009, arguing in favor of remand because the Special Commissioner's report did not constitute the first iteration of ERISA in the case's proceedings, and that Defendant should have ascertained removal jurisdiction long ago.

**Standard of Review**

28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . ." Likewise, 28 U.S.C. § 1446(b) controls

**Civil No. 09-1554 (SEC)**

the time defendants have for removing cases from state court to federal court. It provides two different methods for determining the date on which the defendant has received adequate notice of the federal claim and hence the date on which the time period for removal begins to run. See 14C Charles Alan Wright, Arthur R. Miller, & Edward H.Cooper, Federal Practice and Procedure: Jurisdiction §3731 4th ed. p. 510 (2009). The first paragraph states that the time limitation on removal of a civil action begins to run when the defendant receives notice of the "initial pleading." 28 U.S.C. § 1446 (b). The second paragraph expounds:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

Id. This clause comes into effect if a claim, which at first did not appear removable, later becomes or is discovered to be removable. Instead of an initial pleading, § 1446 (b) requires a "copy of an amended pleading, motion, order or other paper" to activate the running of the thirty day period. Therefore, ordinarily, for a Defendant to remove an action from state court to federal court, it must file a timely notice of removal in the district court within thirty (30) days after the service of summons upon the defendant of the complaint, or after the receipt by the defendant of any pleading from which it may be first ascertained that the case is removable. Id.

The above mentioned statutory period is not jurisdictional. See Fristoe v. Reynolds Metals Co., 615 F. 2d 1209, 1212 (9th Cir. 1980) (finding that the "statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional."); see also St. Louis Home Insulators v. Burroughs Corp., 597 F. Supp. 98, 99 (E. D. Miss. 1984). Notwithstanding, since federal courts are courts of limited jurisdiction, removal statutes are strictly construed, and must be strictly complied with. Cervantes v. Allegheny Ludlum, 90 F.R.D. 163, 165 (D.P.R. 1981); Syngenta Crop. Prot., Inc. v. Henson, 537 U.S. 28 (2002); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); JJJ Constructora v. U.S.

**Civil No. 09-1554 (SEC)**

Fidelity and Guarantee Co., 554 F. Supp. 2d 100, 101 (D.P.R. 2006); Rosello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 25-26 (1st Cir. 2004). Moreover, the party requesting removal bears the burden of showing that removal is proper. Vigier v. Marin, 568 F. Supp. 2d 193 (D.P.R. 2008).

**Relevant Law & Analysis**

The central controversy concerning remand involves the date the present action became removable pursuant to the second paragraph of 28 U.S.C. § 1446(b). More specifically, this Court must determine whether any of the documents presented at the local court regarding the Incentive Compensation Plan prior to the Special Commissioner's report meet the standard as set out by case law of a ". . . motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. In order to elucidate the relevant facts, this Court will review the multiple other documents that could constitute a "motion, order, or other paper" from which Defendant should have ascertained that the case had become removable. This Court will also review Defendant's allegation that Plaintiff artfully avoided voluntary acts allowing removal jurisdiction, by cloaking the action's underlying ERISA claim.

Plaintiff avers that ever since the complaint initiated at the state court, now over eight years ago, the parties have continually breached the issue of the Incentive Compensation Plan, in "many ways, including Minutes from court proceedings, pre-trial memorandums, several motions and letters from Defendant's attorney," and thus that the case was ripe for removal from a very early stage, if not from its onset. Docket # 10 at 7. Said mutual action on the issue of ERISA liability allegedly occurred throughout the case's development, via: 1) discovery requests demanding information about "all of [. . .]Combas' fringe benefits, especially about the Incentive Compensation Plan," 2) an October 13, 2005 Amended Pre-Trial Complaint with the "Incentive Compensation Plan listed as Documental Evidence" (Docket # 16, Exhibit 4 at 2), 3) Defendant's November 21, 2006, Amended Pre-Trial Conference Report discussing "if

**Civil No. 09-1554 (SEC)**

Plaintiff had rights under the Incentive Compensation Plan" (Docket # 16-7, Exhibit 6 at 2), and 4) Defendant's October 18, 2007, presentation of an expert witness, whose "testimony was based solely on the Incentive Compensation Plan and federal law ERISA." (Docket # 16, Exhibit 10). Plaintiff also refers to minutes and orders submitted at the local level previous to the Special Commissioner's final report.

These include an Order from December 19, 2006, where in light of the Amended Complaint, the Special Commissioner limited the scope of the case to Law 80, but including ". . . the benefits under the Incentive Compensation Plan, as well as that predicated upon alleged culpable acts of Art. 1802 of Puerto Rico's Civil Code . . ."[2] Docket #18-8, Exhibit 7. Additionally, Plaintiff points to a September 14, 2007, Minute entry mentioning a joint pre-trial stipulation regarding the amount of Incentive Compensation Plan benefits that Plaintiff would be entitled to if the Special Commissioner determined that Combas' termination violated the law.[3] Docket # 18-9, Exhibit 9.

Furthermore, on July 22, 2008, Plaintiff noted Mr. Combas' rights to benefits under the Incentive Compensation Plan in a Memorandum of Law filed to the local court. Defendant's

---

[2] While it turned on the first paragraph of 28 U.S.C. § 1441(b), Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 67, 107 S.Ct. 1542, 1547-1548 (1987), appears to suggest that the existence of an ERISA claim has "extraordinary pre-emptive power" to put a defendant on notice of removal jurisdiction. This is pertinent because of Defendant's certainty defense, *infra*, attempts to invoke an inverse version of the artful pleading doctrine by suggesting that the federal claim could not be ascertained because of Plaintiff's purposeful evasion of an ERISA claim. However, this argument is dubious in light of Metropolitan Life. See Guglielmo v. WorldCom, Inc., Civ. No. C-00-160-B, 2000 WL 1507426,*3-*4 (D.N.H. Jul. 27, 2000)(differentiating ERISA's complete preemption from ordinary preemption, which does not trigger removal jurisdiction). Regardless, sufficient other grounds exist to support remand.

[3] The parties stipulated: "That should it be determined that the dismissal was unjustified, and that during the proceedings it should be resolved in addition, that Mr. Combas enjoyed the right to the benefits of the Incentive Compensation Plan, these becoming effective upon his reaching 55 years of age, upon which he could opt for early retirement until the date of his demise, a claim for rights which the defendant postulates not benefiting the plaintiffs, benefits which would have corresponded in life to Mr. Combas and the members of his succession after his death, are those contemplated in section 3.04, 3.05 and 3.06 of the Incentive Compensation Plan. In the instant case it is stipulated that such benefits amount to $437,947.29 ($388,752 + $43,195.29)."

**Civil No. 09-1554 (SEC)**

reply, filed on September 5, 2008, discussed both said plan and ERISA. Plaintiff additionally avers that both the complaint and the amended complaint requested in general terms all remedies to which Combas was entitled, and that Plaintiff's allegations were amended through the course of the eight (8) years of this case with the presentation of evidence. As a final argument in favor of remand, Plaintiff argues that Defendant waived its right of removal by continuously "engaging in procedural actions that finalized with the trial for the case." Docket # 10 at 23.

Defendant counters Plaintiff's claims, averring that the case only became removable on May 26, 2009, when the Special Commissioner notified the final report recommending an exclusive ERISA remedy, and that the thirty day time period for defendants to remove the action ran from said date. According to Defendant, any prior mention of ERISA is irrelevant, because Plaintiff did not "voluntarily" act so as to produce an amended pleading, motion, order or other document from which they could ascertain, in the sense of "certainty," that the case had become removable previous to said report. Docket # 21 at 8.

Defendant further contends that "the fact that B&C was ordered to produce information concerning the Incentive Compensation Plan during discovery had no particular significance with regards to the timeliness of this removal" (Docket # 21 at 12), and that "if Plaintiffs had wanted to make a claim for such benefits, all they had to do was file an amended complaint with an ERISA claim." Docket # 21 at 20. Consequently, Defendant posits, Plaintiff never asserted a claim under ERISA prior to the Special Commissioner's final report, and therefore the first notice that such a claim in fact existed occurred with the filing of said report. Docket # 21 at 3. Defendant, not unreasonably, asks this Court to conclude that the alleged absence of clearly planted ERISA claim meant that B&C was never in a position to ascertain jurisdiction existed, in the sense of finding out or learning with certainty, which it argues § 1446(b)'s second

**Civil No. 09-1554 (SEC)**

paragraph requires. See, e.g., Docket # 34 at 5 (citing Bosky v. Kroker Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002)).

Because both parties have provided extensive briefing of this issue, a point by point analysis of § 1446 (b) is warranted:

*Plaintiff's Voluntary Acts*

Regarding 28 U.S.C. § 1446 (b), Padilla Morales v. Shell Co. (PR) Ltd., 2005 U.S. Dist. Lexis 43267 (D.P.R. 2005), states:

> …the statute provides that if the original complaint does not state a federal claim, the thirty day time period to file for the removal will begin to run when further voluntary acts incurred by plaintiff indicates that federal jurisdiction does exist . . . Nevertheless, the statute provides that this voluntary act may be pursued through an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which has become removable…The Court however must closely examine the "motion, order or other paper" alternative that triggers the thirty days period for a case to become removable and from which federal jurisdiction is ascertainable.

Id. at 13.

Defendant alleges that Plaintiff never took the required voluntary actions producing an amended pleading, motion, order or other document from which removal jurisdiction could have been ascertained. However, Plaintiff's Memorandum of Law filed to the local court, and notified to Defendant on July 22, 2008, appears to constitute a voluntary averment asserting an ERISA claim. Docket # 29 at 10. For example, Groh v. Groh, 889 F. Supp 166, 170 (D.N.J. 1995), treated a notice of motion seeking the sequestration of ERISA benefits within a divorce action as sufficient to trigger the thirty-day removal period. Filed after the trial ended, the Memorandum of Law presented Plaintiff's version of the controversies and the applicable law, and suggested that "one of the controversies argued in this case...requires the determin[ation] of [whether] benefits accrued and acquired by the Plaintiff...have to be compensated or paid under the dispositions of... the Employee Retirement Income Security Act of 1974 . . . or . . . under the lawful dispositions of the . . . Puerto Rico Civil Code." Docket # 29, Exhibit 1 at 2.

**Civil No. 09-1554 (SEC)**

Said document concludes that "it corresponds to [Plaintiff] to receive the benefits . . . accrued in accord with the dispositions of the federal ERISA act" (Document # 29, Exhibit 1 at 9), and that "the jurisdiction of this Honorable Court is evident under 502(e)(1) of ERISA, since . . . there is no exclusive jurisdiction of United States District Courts . . ." Id. This Court finds these averments closely analogous to the voluntary act Groh deemed sufficient to trigger removal jurisdiction.

      Moreover, Defendant filed a reply to the above on September 5, 2008, which extensively discussed ERISA and addressed Plaintiff's assertions. It includes a recognition of the claim, stating ". . . we concur with Plaintiff in part, as we always alleged, that B&C's Plan is a plan covered by ERISA . . ." Docket 16, Exhibit 12 at 2.   However, Defendant argued that the local court could not exercise concurrent jurisdiction under ERISA, because no civil action had been filed under the appropriate section of the statute. Docket # 16, Exhibit 12 at 3. The local court ruled against Defendant, but this did not prevent the triggering of the thirty-day time period for removing the case, had it not been triggered before. Accordingly, at that stage of the local court proceedings, Plaintiff's ERISA claim had become manifest, and the July 22, 2008, Memorandum constituted a "motion...from which it may be ascertained that the case . . . has become removable." 28 U.S.C. § 1446 (b); see, e.g., Padilla Morales, 2005 U.S. Dist. Lexis 43267.

       Defendant points to case law emphasizing the difference in criteria in the first and second paragraphs of § 1446 (b) regarding what  triggers the 30 day removal period. Boskey, 288 F. 3d at 209-211. This Court would adopt Boskey's holding that the requirements for removal jurisdiction under § 1446 (b)'s  second paragraph are more strident than under the first paragraph of the same. Namely,  Boskey ruled:

> To 'set forth' means to 'publish' or 'to give an account or statement of.' 'Ascertain' means 'to make certain, exact, or precise' or 'to find out or learn with certainty.' The latter, in contrast to the former, seems to require a greater level of certainty or that the facts...be stated unequivocally.

**Civil No. 09-1554 (SEC)**

Id. While crafting a bright line in order to avoid unnecessary removals, Boskey nonetheless clarified that "this canon does not trump a plain language reading of the statute's terms." Id. at 208. To illustrate Boskey's relevance, Defendant cites Fragel v. Trinity Industries Transp., 978 F. Supp. 1395 (D. Kan. 1997). Fragel held that an initially unremovable case where plaintiff's petition denoted an amount in controversy merely in excess of $ 50,000, became removable once plaintiff answered a discovery request wherein he stated that the amount in controversy exceeded the $ 75,000 jurisdictional minimum. Id. at 1397. This is quite similar to what other courts have ruled regarding the meaning of "ascertain" within § 1446(b). Thus, for practical reasons, this interpretation has minimum impact regarding how Courts should decide what triggers the 30 day time period to remove the case, and does not change this Court's above stated conclusion.

*Amended Pleading, Motion, Order or Other Paper*

Having established that Plaintiff's Memorandum of Law constituted a motion pursuant to the second paragraph of 28 U.S.C. § 1446 (b), this Court will examine, if only for the purpose of thoroughness, whether other documents produced by the parties or the local court would have been sufficient to ascertain that the case was, or had become, removable. The First Circuit has not yet addressed the interpretation of "order or other paper" under § 1446 (b). In re Pharm. Indus. Average Wholesale Price Litig., 509 F. Supp. 2d 82, 90 (D. Mass. 2007). Thus, this Court must seek guidance from District Court rulings and precedent from other Circuits.

Plaintiff alleges that a 2005 Order handed down by the Special Commissioner triggered removal jurisdiction pursuant to 28 U.S.C. § 1446 (b). See Docket # 10, Exhibit 3. In the alternative, Plaintiff's pleadings aver that a subsequent September 15, 2007, Order undoubtedly allowed Defendant to ascertain federal jurisdiction. See Docket # 29, Exhibit 2. With regards to the 2005 Order, its title suggests that it is a Minute, so it should be considered under the

**Civil No. 09-1554 (SEC)**

"other paper" category. With regards to the Special Commissioner's September 2007 Order, Plaintiffs allege that it stated "that the claim about the Incentive Compensation Plan" was a "claim and action independent to that under Law 80." Docket # 29 at 9. The text of the Order states:

> the . . . position of...Defendant regarding the cause of action and claim by the Plaintiff's benefitting from the "Incentive Compensation Plan" are noted, a controversy which shall be clarified by us in the proceedings. Within this limited scope, we can attribute no merit to the expression by Defendant...to the effects that the 'sole controversy present in the case is the unjustified dismissal under Law 80.' It is sufficient to reiterate that it is about a claim and cause of action independent to that under Law 80 of 1976 . . .

Docket #29, Exhibit 2 at 1. Yet another question is whether any of the other minutes presented by the Special Commissioner or the Judge's oral Order overruling Defendant's request for dismissal of Incentive Compensation Plan claims after testimony of and expert witness constituted "other paper" pursuant to the second paragraph of 28 U.S.C. § 1446 (b).

The term "other paper" refers to papers "generated within state proceedings specifically connected to the case to be removed and not to other unrelated judicial opinions that might suggest removability." Padilla Morales, 2005 U.S. Dist. Lexis 43267 at *13; see also Lozano v. G.P.E. Controls, 859 F. Supp. 1036 (D.C.Tex. 1995). Case law has broadly interpreted the expression "other paper" to include an extensive array of documents arising during the course of litigation. See Parker v. County of Oxford, 224 F. Supp. 2d. 292, 294 (D. Me. 2002) (holding that a "Stipulation of Dismissal," by which Defendants learned that the non-consenting defendant was no longer party to the case, constituted "other paper" allowing that the case was fully removable to be "ascertained."); see also Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, 14C §3731, p. 547 (2009)(stating "…Various discovery documents such as deposition transcripts, answers to interrogatories, and requests for admissions, as well as amendments to *ad damnum* clauses of complaints, and correspondence between … parties and their attorneys or between the attorneys usually are accepted as 'other paper[]'"). Even deposition testimony, where a plaintiff ". . . establishes that he is asserting a claim under ERISA

**Civil No. 09-1554 (SEC)**

. . . can constitute an 'other paper' for purposes of the removal statute." <u>Peters v. Lincoln Elec. Co.</u>, 285 F.3d 456, 465-466 (6th Cir. 2002). This is logical in the case of ERISA because the statute preempts all state law, so no parallel remedy could be sought.

Plaintiff places special emphasis on a September 26, 2007, Minute mentioning a stipulation at a pre-trial conference hearing regarding the amount of Incentive Compensation Plan benefits that Plaintiff would receive if the judge determined he was entitled to them. Docket #10 at 19. In pertinent part, the Minute affirms "the…controversies remaining to be clarified are" whether "Mr. Combas enjoyed the right to the benefits of the Incentive Compensation Plan . . . In the instant case it is stipulated that such benefits amount to $437,947…" Docket # 16, Exhibit 9. From said document it is pellucidly clear that by 2007, although not specifically mentioned in the Complaint or Amended Complaint, the Plaintiff's benefits under the Incentive Compensation Plan had become a controversy central to the case. To trigger the 30-day removal period, the act or document must give the defendant notice of a "change in circumstance that supports federal jurisdiction." <u>Addo v. Globe Life & Accident Ins. Co.</u>, 230 F.3d 759, 762 (5th Cir. Miss. 2000). The joint stipulation regarding Plaintiff's potential right to a remedy from his participation in B& C's Incentive Compensation Plan, a claim Defendant eventually attacked through a jurisdictional motion, *infra*, sufficed for Defendant to "ascertain," in the sense of certainty, that a change in circumstance that supported federal jurisdiction had taken place.

However, even if *arguendo* the September 26, 2007 Minute did not trigger removal jurisdiction, this Court would still have to examine the local court's bench Order from October 18, 2007, denying Defendant's request for dismissal of Incentive Compensation Plan claims after testimony by an expert witness.

On October 18, 2007, Defendant presented Ramon Abarca Schwartz ("Abarca") as an expert witness. His testimony concerned the Incentive Compensation Plan and ERISA. Once

**Civil No. 09-1554 (SEC)**

Abarca finalized his testimony, Defendant's then counsel requested dismissal of Incentive Compensation Plan claims alleging lack of jurisdiction based on Expert Witness's testimony. However, the local court denied the oral motion to dismiss, stating,". . . [w]hat the expert witness has…stated, is that this Court has jurisdiction . . . " (emphasis added) and, ". . . basically two things have been said, first that as to the jurisdictional matter, we have jurisdiction over a claim of this nature. Second, that the ERISA Act trumps any State law." See Docket # 16, Exhibit 10 at 11.

Courts have usually held that oral statements do not qualify as "other paper" for purposes of triggering removability under the second paragraph of Section 1446 (b). However, they have made exceptions when it comes to oral statements made in the courtroom during the course of litigation. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, 14C § 3731 (2009). Federal district courts have ruled that a state court judge's pronouncement from the bench that a non-diverse defendant was no longer party to the action is sufficient notice of action's removability. King v. Kayak Mfg. Corp., 688 F. Supp. 227, 229-230 (N.D.W.Va. 1988). A bench order regarding the existence of a jurisdictional question involving a federal statute would similarly put a defendant on notice of a pertinent federal question, consequently making the case removable. Furthermore, King asserted that "a written order is not necessarily a paramount consideration in determining whether a case is ripe for removal, and that if a defendant ". . . was truly uncertain about the trial judge's approval of the settlement or removal jurisdiction of the action, it had a duty to inquire, particularly in light of the advancing stage of the [proceedings.]." Id. at 229.[4] See also Heniford v. American Motors Sales Corp., 471 F. Supp. 328 (D.S.C. 1979) (holding the case had become removable after plaintiff's counsel's

---

[4] This Court does not disregard Boskey's comments regarding the need to promote certainty to avoid premature petitions for removal, but finds that defendants do have a duty to enquire and clarify the issues involved in the case. Howeverer, in this case Defendant challenged ERISA jurisdiction, and the local court responded by making a clear ruling to the effect that it had concurrent jurisdiction and the issue was present in the case. A motion to remove at this juncture would have been proper.

**Civil No. 09-1554 (SEC)**

instruction to jury not to return verdict against resident defendant); First Nat. Bank in Little Rock v. Johnson & Johnson, 455 F. Supp. 361 (1978) (finding plaintiff's oral motion for voluntary non-suit with respect to one non-diverse defendant and trial court's oral order granting that motion, on the record, was sufficient notice to the defendants so as to trigger the case's removal jurisdiction). In sum, the October 18, 2007, ruling marked a *crescendo* of clear signals all pointing to ERISA liability, and Defendant's counsel had a duty to seek removal before the case moved into its final stages.

**Conclusion**

At the moment when Defendant filed the Notice of Removal in this case, state court litigation had nearly reached its conclusion. Judicial evaluation of the Special Commissioner's Report and a possible appeal were the only pending steps. Over the many years of the suit's development, minutes from court procedures, orders, and discovery documents continually indicated that the Incentive Compensation Plan was one of the action's central controversies. Although not all of these documents may have been sufficient for Defendant to ascertain that the case was removable, this Court has pointed out to several that were sufficient. Defendant's theory is unsustainable, in part, because it would lead this Court to conclude that even the Special Commissioner's Report was insufficient to trigger removal. After all, the Report not a manifestation of the Plaintiff's will, and the local court has not issued a final approval.

As stated by the second paragraph of Section 1446 (b), the 30-day period for removal begins to run when "it may be first ascertained that the case is one which is or has become removable." Thus, an amendment to the complaint or the presentation of any other document will not revive the period for removal if the suit previously was removable but the defendant failed to exercise his right to remove. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, 14C § 3731 at 562, (2009); Durham v. Lockhed Martin Corp., 445 F.3d 1247 (9 th Cir. 2006) (acknowledging general rule that a latter disclosure of removability does

**Civil No. 09-1554 (SEC)**

not restart the 30-day period if a defendant had previously been able to "ascertain" that claim was removable...).

Whether Plaintiff used machinations to dissemble the Combas estate's true intentions and avoid flatly pleading an ERISA claim is beyond the scope of this Court's analysis, and may be properly brought on appeal or motion at the Commonwealth level. The issue of ERISA has been squarely, and not obliquely, planted before the parties for various years, and that Defendant missed its chance to seek removal. Defendant did not react to the myriad of events that could have triggered removal, and as such it lost its right to litigate in this forum. Nothing would have impeded a petition removal at an earlier stage, and if the petition were premature then Defendants would have proceeded at the state level with the certainty that ERISA was a non-issue. Therefore, the Special Commissioner's report did not revive the removal time clock, and because of that, the Notice of Removal was untimely filed. Plaintiff's Motion to Remand is hereby be **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of November, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge